TYSON *et al. v.* ODOM, administrator.

PER CURIAM. The court did not err in sustaining the demurrer to the intervention filed by the plaintiff in error.

*Judgment affirmed. All the Justices concur.*

No. 3235. MARCH 3, 1923.

Equitable petition; intervention. Before Judge R. C. Bell. Dougherty superior court. March 29, 1922.

J. E. Kemp purchased from J. B. Tyler a tract of land known as the Tomlinson place, embracing several lots and fractions of lots, the vendor executing a warranty deed conveying this land to the vendee; and the vendee then executed to the vendor a lease giving to the lessee the right to use the timber on parts of the tract of land for sawmill purposes, and the timber on other described parts of the land for turpentine purposes. The lessee subsequently executed a lease to S. W. Tyson, of Calhoun County, Georgia, granting to him the same rights of cutting the timber for sawmill purposes and using a part of the timber for turpentine purposes as were vested in him under the lease from Kemp. The lease expired in December, 1918. Prior to the time of the expiration of the leases, Kemp filed a petition for injunction in Dougherty County, against J. B. Tyler and A. B. Tyson, complaining of acts of trespass in the cutting of timber and doing other acts not authorized by the lease from Kemp to Tyler. He also filed a suit for injunction against J. B. Tyler and S. W. Tyson upon the same grounds. When the case came on for trial in Dougherty County a verdict was directed for the plaintiff; and that judgment was reviewed here and reversed. The case again came up for trial in Dougherty superior court, and resulted in a mistrial. Before the third trial of the case Tyson filed a petition in Dougherty superior court, praying that he be allowed to intervene. He denied plaintiff's right to an injunction in either Dougherty or Calhoun county. He recited that the case in Dougherty County against Tyler and A. B. Tyson was about to be dismissed. This intervention was filed after the expiration of the leases. He contested the right of the plaintiffs to dismiss the action, in view of the allegations in the intervention in which he set up certain demands by way of cross-action; that is, he prayed, inasmuch as the period of the lease had expired and he had been deprived of the right to cut the timbers and turpentine

certain other timbers on the Tomlinson place, which he would have cut and turpentined but for the injunction, that the time within which he could exercise the privilege given in the lease be extended by decree of the court, and that he be awarded damages because he had been prevented by the suit from cutting timbers which he otherwise would have cut and which were of the value of ten thousand dollars or other large sum. He also showed that by agreement with plaintiff's counsel the hearing of the case in Calhoun County had been continued and was to be continued until the case in Dougherty county was disposed of. There was no agreement, however, that the judgment in the case in Calhoun County should abide or be controlled by the judgment in the case in Dougherty County. The intervention was demurred to; the court sustained the demurrer; and the intervenor excepted.

*W. I. Geer,* for plaintiff in error. *Milner & Farkas,* contra.

---

CITIZENS FIRST NATIONAL BANK OF ALBANY *v.* WILSON.

PER CURIAM. Where B sued on a note payable to A or order as the holder thereof, and in his petition alleged that the transfer was in writing on a separate paper attached to the note, the petition showed a legal title in the plaintiff, and he could maintain a suit on the note, and such petition was not open to attack by general demurrer. Upon special demurrer calling for the date of the transfer and the time of attaching the paper to the note, he would have been entitled to that information. Consequently, the Court of Appeals, in affirming the judgment of the trial court by which the plaintiff's petition was erroneously dismissed upon general demurrer, committed error. Having reversed the judgment of the Court of Appeals that the judgment of the trial court should be affirmed, the judgment dismissing the cross-bill of exceptions, because the judgment on the main bill of exceptions was affirmed, is also reversed; and the entire case is remanded for a decision by that court in accordance with the ruling here made.

The allegation that the note was duly transferred was a sufficient allegation, as against a general demurrer, that it had been transferred prior to the suit in full compliance with the law.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3248.    MARCH 3, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 524.

*Milner & Farkas,* for plaintiff.

*Lippitt & Burt,* for defendant.